# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

ZACHARY RYAN ROGERS, )
               Petitioner, )
v. )    CIV 13-285-JHP-SPS
CHARLES PEARSON, Sheriff, )
               Respondent. )

## OPINION AND ORDER

Petitioner, an inmate incarcerated in the Muskogee County Jail in Muskogee, Oklahoma, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He has not, however, in any of his numerous filings allege which of his convictions he is challenging.

A review of petitioner's cases listed on The Oklahoma State Courts Network at www.oscn.net, indicates he has four state convictions in Muskogee County District Court: (1) Case No. CF-2012-152 for Possession of Child Pornography, (2) Case No. CF-2012-226 for First Degree Burglary, (3) Case No. CF-2012-899 for Failure to Register as a Sex Offender, and Case No. CF-2012-921 for Assault and Battery on a Peace Officer. Regardless of the case number, he admits he has not exhausted his state court remedies for his habeas claims. (*See*, Dkt. # 9 at pp. 2-4, ¶s 11- 15 and Case No. CIV-13-301,[1] Dkt. # 7 at pp. 2-3, ¶s 11 - 14).

"A threshold question that must be addressed in every habeas case is that of exhaustion," *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must

---

[1] Since these two cases were consolidated, the Court has considered both pleadings in entering this order.

dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Furthermore, the court may dismiss a habeas petition *sua sponte*, when the petitioner's failure to exhaust is clear on the face of the petition. *Allen v. Zavaras*, 568 F.3d 1197, 1202-03 (10th Cir. 2009). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

**ACCORDINGLY,** petitioner is directed to show cause in writing within fourteen (14) days why this action should not be dismissed for his failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b). Failure to show cause as directed will result in dismissal of this action.

**IT IS SO ORDERED** this 10th day of October 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

2